IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WARREN SKILLERN,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV611-088

B. AVANT EDENFIELD, U.S. District Judge; G. R. SMITH, U.S. Magistrate Judge; and LISA G. WOOD, U.S. District Judge,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion to proceed *in forma pauperis* in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Skillern v. Gault, No. 02-13176-A (11th Cir. Aug. 27, 2002) (appeal dismissed as frivolous); (2) Skillern v. Georgia Department of Corrections, CV202-64 (N.D. Ga. Sept. 4, 2002) (dismissed for failing to state a claim); and (3) Skillern v. Moss, No. 03-10500-I (11th Cir. June 3, 2003) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff asserts that Defendants, all of whom are judges of the Southern District of Georgia, have deprived him of his right to file suit against Judge Edenfield. Plaintiff

2

AO 72A
(Rev. 8/82)

also asserts that Judge Edenfield deprived him of his right to file a judicial complaint against him. Plaintiff further asserts that Judge Edenfield and Judge Smith are not entitled to judicial immunity, as both judges acted without jurisdiction by issuing an injunction against him in another cause of action. Plaintiff contends that Judge Wood is "not interested in anything but protecting" her fellow judges. (Doc. No. 1, p. 3). According to Plaintiff, doctors have predicted he will have another heart attack "at any moment due to the stresses defendants' conduct causes."[1] (Id.).

At the time he filed his Complaint, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint, which was filed on July 26, 2011. Plaintiff should not be considered to meet the exception to the three strikes rule. The Court's July 27, 2011, Order permitting Plaintiff to proceed *in forma pauperis* is **vacated**. Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 18th day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has asserted in several previously-filed causes of action that doctors have prognosticated he could have another heart attack and/or that the stress caused by the defendants' action could cause him to have another heart attack. (See CV610-14, CV610-65, CV611-27, CV611-85, and CV611-78).